IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA LEE CRISWELL, TDCJ #2113753, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 20-3017 |
| BOBBY LUMPKIN, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Joshua Lee Criswell (TDCJ #2113753) filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge a prison disciplinary conviction that resulted in the loss of good-time credit. Now pending is Bobby Lumpkin's Respondent's Motion for Summary Judgment With Brief in Support ("Respondent's MSJ") (Docket Entry No. 14). Criswell has replied with Petitioner's Motion to Amend the Petition for Writ of Habeas Corpus 28 U.S.C.A. § 2254 ("Petitioner's Motion to Amend") (Docket Entry No. 19), which includes an amended Petition for a Writ of Habeas Corpus By a Person in State Custody ("Amended Petition") (Docket Entry No. 19-1). After reviewing all of the pleadings, the administrative records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this case for the reasons explained below.

I. **Background**

Criswell is currently serving a 20-year sentence in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a conviction for possession of methamphetamine -- a controlled substance -- in Grayson County Cause No. 067325.[1] Criswell does not challenge his underlying conviction. Instead, he seeks federal habeas corpus relief from a prison disciplinary conviction that was entered against him at the Ellis Unit in Huntsville, where he is currently confined.[2]

According to administrative records provided by the respondent, Criswell was charged in TDCJ Case No. 20200066375 with violating prison rules by attempting to possess 30 cans of smokeless tobacco.[3] The Offense Report and supporting documentation reflects that the charges were filed on November 20, 2019, after an officer found 30 cans of "Kayak Long Cut (36 oz) smokeless tobacco" wrapped in a black plastic sack that had been tossed inside the fence near the entrance gate to the "feeder slab" in the hog barn, where Criswell was assigned to work.[4] During his

---

[1] Petition, Docket Entry No. 1, p. 2. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2] Petition, Docket Entry No. 1, pp. 1, 5 ¶ 17.

[3] TDCJ Disciplinary Report and Hearing Record, State Court Records Attachment 1, Docket Entry No. 15-1, p. 3.

[4] TDCJ Offense Report, State Court Records Attachment 1, Docket Entry No. 15-1, pp. 5-9, 19.

investigation the charging officer listened to recorded phone conversations between Criswell and a friend who was on his visitation list and determined that the recorded conversations, which are in the record, contained remarks indicating that Criswell was involved in the attempt to smuggle contraband into the prison.[5] Criswell was notified of the charges on November 21, 2019.[6] At a disciplinary hearing held on December 9, 2019, Criswell denied possessing the contraband.[7] Based on the Offense Report and the charging officer's testimony, the disciplinary hearing officer found Criswell guilty as charged of attempting to possess contraband in violation of Offense Code 10.2.[8]

As a result of this disciplinary conviction, Criswell lost recreation, commissary, and telephone privileges for 45 days and was reduced in time-earning classification from L1 to L2.[9] He also forfeited 364 days of previously earned good-time credit.[10]

Criswell filed a Step 1 Offender Grievance Form to challenge the conviction on the grounds that prison disciplinary rules

---

[5] Id. at 5; see also Disciplinary Hearing Audio and Disciplinary Hearing Evidence Audio, Docket Entry No. 16 (four DVDs containing audio recordings of the hearing and the phone conversations).

[6] TDCJ Disciplinary Report and Hearing Record, State Court Records Attachment 1, Docket Entry No. 15-1, p. 3.

[7] Id.

[8] Id.

[9] Id.

[10] Id.

contained an offense description for possession of contraband (Offense Code 10.2), but did not list an offense for an "attempt" to possess contraband.[11] Criswell also claimed that the disciplinary hearing officer did not decide whether he was guilty based on the weight of the evidence.[12] The reviewing official found no reason to overturn the conviction because there were no procedural errors and there was sufficient evidence to support the finding of guilt made by the disciplinary hearing officer.[13] Criswell filed a Step 2 Offender Grievance Form to challenge the result at Step 1, but his appeal was unsuccessful.[14]

In the federal habeas corpus Petition that he originally filed in this case Criswell argues that he was denied due process in connection with his disciplinary conviction because (1) he did not receive adequate notice of the charges against him, and (2) the evidence was insufficient to support his conviction for possession of contraband.[15] The respondent moves for summary judgment arguing that Criswell's first claim is unexhausted and procedurally barred from review and that both claims lack merit.[16]

---

[11]Step 1 Offender Grievance Form #2020049280, State Court Records Attachment 2, Docket Entry No. 15-2, p. 5.

[12]Id.

[13]Id. at 6.

[14]Step 2 Offender Grievance Form #2020049280, State Court Records Attachment 2, Docket Entry No. 15-2, pp. 3-4.

[15]Petition, Docket Entry No. 1, p. 6.

[16]Respondent's MSJ, Docket Entry No. 14, pp. 6-17.

Acknowledging that his first claim is unexhausted, Criswell has moved for leave to amend.[17] Criswell's proposed Amended Petition, which includes Petitioner's Memorandum in Support of the Petition for Writ of Habeas Corpus 28 U.S.C.A. § 2254 ("Petitioner's Memorandum"),[18] withdraws his unexhausted claim about lack of adequate notice and asserts several overlapping grounds for relief:

(1) he was charged with attempted possession of contraband, which is not an offense listed in the TDCJ disciplinary rules, therefore his charging instrument was insufficient;

(2) there was no evidence that he actually or constructively possessed contraband as prohibited in Offense Code 10.2 of the TDCJ disciplinary rules;

(3) there was no evidence that he attempted to possess the contraband that was recovered by the officer who turned the items over to the charging officer; and

(4) the disciplinary hearing officer found him guilty of violating Offense Code 10.2, which prohibits possession of contraband, but never amended the

---

[17]Petitioner's Motion to Amend, Docket Entry No. 19, p. 1.

[18]Petitioner's Memorandum, attachment 1 to Petitioner's Motion to Amend, Docket Entry No. 19-1, pp. 11-17.

> charging instrument, which accused him only of attempted possession of contraband.[19]

Although the proposed amendment is futile, the court will grant Criswell's request for leave to amend and will consider the claims presented in his Amended Petition under the legal standard that applies to prison disciplinary proceedings.

## II. **Prison Disciplinary Proceedings**

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974). Prisoners charged with institutional rule violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995). A Texas prisoner cannot demonstrate a Due Process violation in the prison disciplinary context without first showing that he is eligible for early release on the form of parole known as mandatory supervision and that the disciplinary conviction resulted in a loss of

---

[19]See id. at 6-7; Petitioner's Memorandum, attachment 1 to Petitioner's Motion to Amend, Docket Entry No. 19-1, pp. 13-16. Criswell concedes that grounds one and four are raised for the first time on federal habeas review and are unexhausted. See Amended Petition, attachment 1 to Petitioner's Motion to Amend, Docket Entry No. 19-1, p. 8. Because his allegations are without merit, the court may dismiss these claims without addressing the issue of exhaustion. See 28 U.S.C. § 2254(b)(2).

previously earned good-time credit. See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000); see also White v. Jenkins, 735 F. App'x 855, 856 (5th Cir. 2018) (per curiam) ("A [Texas] prisoner who is not eligible for release on mandatory supervision has no constitutional expectancy of early release and so has no protected liberty interest in his good time credits.") (citation omitted).

## A. Loss of Privileges and Reduction in Classification

To the extent that Criswell lost recreation, commissary, and telephone privileges, the respondent correctly notes that this type of sanction does not pose an "atypical" or "significant" hardship that implicates a constitutionally protected liberty interest.[20] See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (observing that limitations imposed on commissary privileges and temporary cell restrictions are "merely changes in the conditions of [an inmate's] confinement and do not implicate due process concerns"). In addition, reductions in a Texas prisoner's classification status and the potential impact on his ability to earn good-time credit are not protected by the Due Process Clause. See Malchi, 211 F.3d at 958; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). Because Criswell cannot demonstrate that his constitutional rights were violated in connection with these forms of punishment, the respondent is entitled to summary judgment.

---

[20]Respondent's MSJ, Docket Entry No. 14, pp. 9-11.

**B. Loss of Previously Earned Good-Time Credit**

The respondent acknowledges that Criswell is eligible for early release on mandatory supervision. Prison officials were therefore required to afford him due process before taking away any of his good-time credit.[21] See Malchi, 211 F.3d at 959. The court considers the claims asserted in Criswell's Amended Petition and concludes that he has not demonstrated that a due process violation occurred.

The Supreme Court has observed that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." Wolff, 94 S. Ct. at 2977. Because disciplinary proceedings are not criminal prosecutions, "the full panoply of rights due a defendant in such proceedings does not apply." Id. at 2975. Therefore, the minimum amount of procedural due process is generally limited to:

(1) advance written notice of the disciplinary charges at least 24 hours before a disciplinary hearing;

(2) an opportunity to call witnesses and present documentary evidence (when the presentation is not unduly hazardous to institutional safety and correctional goals); and

---

[21] Id. at 12.

>   (3) a written statement by the factfinder of the evidence relied upon and the reason for the disciplinary action.

See id. at 2978-80; see also Morgan v. Quarterman, 570 F.3d 663, 668 (5th Cir. 2009) (articulating the minimum requirements established in Wolff). In addition, due process requires at least "some evidence to support the findings made in the disciplinary hearing." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 105 S. Ct. 2768, 2775 (1985).

Two of Criswell's grounds for relief (one and four) take issue with the sufficiency of charges lodged against him for attempted possession of contraband and the disciplinary hearing officer's finding that he was guilty of violating Offense Code 10.2, which prohibits possession of contraband.[22] Criswell argues that the TDCJ disciplinary rules prohibit possession of contraband, but do not expressly prohibit the "lesser included offense" of attempted possession.[23] Criswell reasons, therefore, that the charging instrument in his case was "fatally defective," resulting in a "fatal variance" between the charges and the proof presented during the hearing.[24] These claims fail because, as noted above, prisoners charged with disciplinary violations are not entitled to

---

[22] Amended Petition, attachment 1 to Petitioner's Motion to Amend, Docket Entry No. 19-1, pp. 6-7.

[23] Petitioner's Memorandum, attachment 1 to Petitioner's Motion to Amend, Docket Entry No. 19-1, p. 13.

[24] Id. at 13-14.

the same "panoply of rights" that apply to a defendant in a criminal prosecution. <u>Wolff</u> 94 S. Ct. at 2975. The legal standards that govern the sufficiency of charging instruments in criminal prosecutions do not apply to prison disciplinary proceedings. <u>See, e.g., Burley v. Director, TDCJ-CID</u>, Civil Action No. 6:17cv528, 2018 WL 1072559, at *2 (E.D. Tex. Feb. 26, 2018) (rejecting a similar claim because prison disciplinary hearings are not adversarial criminal proceedings and disciplinary charges issued by prison officials are "not equivalent to a criminal indictment"); <u>see also Wadsworth v. Johnson,</u> 235 F.3d 959, 962 (5th Cir. 2000) (addressing a prison disciplinary proceeding and observing that TDCJ is "not a state court") (citing <u>Story v. Collins,</u> 920 F.2d 1247, 1251 (5th Cir. 1991)).

More importantly, the TDCJ disciplinary rules manual referenced by Criswell, which is available on the TDCJ website, expressly advises offenders that "engaging, attempting to engage in, or conspiring to engage in specified behavior or aiding others in engaging, attempting to engage in, or conspiring to engage in specified behavior" listed in the manual qualifies as a violation.[25] Criswell's claim that he was not charged with an offense in violation of the rules therefore lacks merit. <u>See Huffman v. Davis,</u> Civil Action No. 4:15-CV-341, 2016 WL 6436559, at *2 (S.D.

---

[25]<u>See</u> TDCJ Disciplinary Rules and Procedures for Offenders, p. 27 (August 2019), available on the TDCJ website under Publications at: https://www.tdcj.texas.gov/publications/index.html (last visited June 7, 2021).

Tex. Oct. 31, 2016) (rejecting a similar claim and referencing the provision found in the TDCJ Disciplinary Rules and Procedures for Offenders regarding attempted violations).

Criswell does not otherwise establish that his disciplinary conviction was entered without the requisite due process. The record reflects that Criswell received adequate written notice of the charges against him on November 21, 2019, well before the disciplinary hearing took place on December 9, 2019.[26] Criswell was also provided a written statement that referenced the evidence relied upon by the disciplinary hearing officer in support of the guilty finding and her reasons for the punishment imposed.[27] Because the written statement reflects that the hearing officer based her decision on the offense report and the charging officer's testimony showing that Criswell arranged to have a friend deliver 30 cans of smokeless tobacco to a former inmate who deposited them inside the fence at the Ellis Unit where they were intercepted by another officer before Criswell could recover them, the conviction was supported by more than sufficient evidence that he attempted to possess contraband in violation of the rules.[28] See Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001) (holding that

---

[26] TDCJ Disciplinary Report and Hearing Record, State Court Records Attachment 1, Docket Entry No. 15-1, p. 3.

[27] Id.

[28] Id.; TDCJ Offense Report, State Court Records Attachment 1, Docket Entry No. 15-1, p. 5.

information provided in a written offense report, standing alone, can satisfy the "some evidence" standard to support a prison disciplinary conviction) (citing McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (information contained in a conduct report is alone "some evidence" of guilt)).

Criswell has not established a constitutional violation under these circumstances. Accordingly, the court will grant Respondent's MSJ and dismiss this case.

### III.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). The court concludes that jurists of reason would not debate the assessment of the petitioner's claims or whether the petitioner has demonstrated the violation of a constitutional right. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment With Brief in Support (Docket Entry No. 14) is **GRANTED.**

2. Petitioner's Motion to Amend the Petition for Writ of Habeas Corpus 28 U.S.C.A § 2254 (Docket Entry No. 19) is **GRANTED.**

3. The amended Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Joshua Lee Criswell (Docket Entry No. 19-1) is **DENIED**, and this action will be dismissed with prejudice.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 9th day of June, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE